UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-56-BR
No. 4:12-CV-144-BR

TONY TAYLOR,                          )
        Petitioner,               )
                                      )
   v.                                 )         O R D E R
                                      )
UNITED STATES OF AMERICA,             )
        Respondent.               )

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion.

In 2008, petitioner pled guilty, pursuant to a plea agreement, to distribution of five grams or more of cocaine base ("crack"). At sentencing, and without objection from petitioner, the court adopted the factual findings and the sentencing guidelines application in the presentence report, which included petitioner's being designated a career offender. (8/4/08 Tr., DE # 28, at 3; see also PSR ¶¶ 29, 51.) Petitioner moved for a downward departure based on the career offender designation's overrepresentation of petitioner's criminal history pursuant to U.S.S.G. § 4A1.3. (8/4/08 Tr., DE # 28, at 2, 4-5.) The court allowed the motion for departure and based petitioner's sentence on the advisory guideline range without the career offender enhancement. (See id. at 6-7; PSR ¶ 45.) The court sentenced petitioner to 104 months imprisonment. Petitioner appealed, but on motion, the Fourth Circuit Court of Appeals dismissed the appeal on 30 September 2008. (DE ## 33, 34.) Petitioner did not file a petition for a writ of certiorari.

Petitioner, with the assistance of counsel, filed the § 2255 motion on 19 July 2012. Relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner claims that he is no longer a career offender, and he requests that the Statement of Reasons form

("SOR") be amended to reflect that fact.[1] (Mot., DE # 36, at 5, 14.) In response, the government filed the instant motion to dismiss. (DE # 42.) Petitioner filed a response in opposition to the government's motion. (DE # 44.) Also, petitioner has filed *pro se* a motion for "corrections," wherein petitioner refers to his 16 August 2012 motion to vacate and states that he seeks to correct that motion to reflect that he relies on 28 U.S.C. § 2255(f)(3).[2] (DE # 41, at 1-2.)

The government contends that the § 2255 motion should be dismissed because it is barred by the waiver of post-conviction rights in petitioner's plea agreement, it is untimely, and the limitations period is not subject to equitable tolling. (Mem., DE # 43, at 3-11.) It appears to the court that a more fundamental reason exists for dismissal of the § 2255, that is, petitioner's inability to show that he is entitled to habeas relief.

To evaluate whether habeas relief should be awarded, the court must engage in a two step process. United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007). The threshold inquiry is "whether the prisoner's sentence is unlawful on one of [2255's] specified grounds." Id. (citing 28 U.S.C. § 2255); see also United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010). Those

---

[1]The completion of the SOR, Form AO 245B, is required in every criminal case pursuant to 28 U.S.C. § 994(w)(1)(B). It sets forth the court's determination of the sentencing guideline range before any departure and the reason for any departure and allows the court to explain any additional facts to justify the sentence, among other things.

Petitioner's SOR reflects the following before the departure: total offense level- 31, criminal history category - VI, imprisonment range- 188-235 months, supervised release range- 4-5 years, fine range- $15,000-$2,000,000. (SOR, at 1.) The court explained the sentence:

> Defendant argued that the career offender classification over-represented his criminal history. Court granted defendant's motion and found career offender classification over-represents his true criminal history. Court considered defendant's advisory guideline range excluding the enhancements pursuant to 4B 1.1 and found a total offense level of 23, criminal history category of VI, which produced a guideline range of 92 to 115 months and a fine range of $10,000 to $2,000,000.

(Id. at 4.)

[2]The court does not have a record of any filing on this date nor does it have a record of any motion to vacate filed by petitioner *pro se*.

2

grounds are: (1) "the judgment was rendered without jurisdiction," (2) "the sentence imposed was not authorized by law or [is] otherwise open to collateral attack," (3) "or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(a). "Second, if the prisoner's sentence is found unlawful on one of those grounds, the district court should grant the prisoner an 'appropriate' remedy . . . ." Pettiford, 612 F.3d at 277 (citation omitted). Appropriate remedies are "(1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 're-sentence [the prisoner],' or (4) 'correct the [prisoner's] sentence.'" Hadden, 475 F.3d at 661 (quoting 28 U.S.C. § 2255) (footnote omitted) (alterations in original). "Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." Id. (footnotes and citation omitted).

In this proceeding, petitioner is not seeking relief appropriate under § 2255. Specifically, petitioner requests that the court amend the guideline range stated in the SOR to reflect that petitioner is not a career offender (or, alternatively, issue an order declaring that petitioner is not a career offender). (Mem., DE # 36-2, at 3-4.) As the court understands petitioner's argument, this relief is purportedly necessary because with the pre-departure, career offender guideline range in the SOR, he cannot obtain "the full extent of the relief he is due" with a sentence reduction (presumably based on the retroactive amendments to the crack sentencing guidelines)

3

under 18 U.S.C. § 3582(c)(2).³  (See id. at 1 n.1, 3.)  If the court were to grant judgment in petitioner's favor, i.e., amend the SOR and/or declare that he is not a career offender, nothing about his conviction or sentence of imprisonment is implicated.  Although petitioner hopes that such a favorable ruling would pave the way for a reduced sentence under 18 U.S.C. § 3582(c), that result is not a foregone conclusion.  See United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010) (recognizing that the decision whether to grant any sentence reduction is within the discretion of the district court).  Thus, even if petitioner obtains an amended SOR in this proceeding, he does not necessarily secure a shortened term of imprisonment.  He seeks relief that is simply not cognizable under § 2255.

Alternatively, the court agrees with the government that the § 2255 motion is untimely.  A one-year statute of limitations applies to a motion filed under § 2255.  28 U.S.C. § 2255(f).  That limitations period begins running from the latest of–

---

³Title 18, Section 3582(c)(2), authorizes the court to reduce a defendant's sentence of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The applicable policy statement is U.S.S.G. § 1B1.10 (2012).  A pertinent Application Note explains:
> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

Id., App. N.1(A) (emphasis added).  "Th[is] new Commentary to § 1B1.10 — which discusses retroactivity, and which this Court must follow, see . . . Dillon v. United States, ––– U.S. ––––, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) — makes eligibility for sentencing reductions dependent entirely on a defendant's pre-departure offense level and criminal history category."  United States v. Flemming, Criminal No. 03-148-01, 2012 WL 33019, at *4 (E.D. Pa. Jan. 5, 2012) (citation and quotation omitted) (omission in original).  Because of petitioner's pre-departure designation as a career offender, it would appear that the court lacks the authority to reduce his sentence under § 3582(c)(2) based on the retroactive crack guideline amendments.  See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence Amendment 706[, the first retroactive crack guideline amendment,] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision[, U.S.S.G. § 4B1.1]." (footnote omitted)).

Although petitioner "further [] requests that he be resentenced pursuant to § 3582 and all policies and procedures associated with resentencing under § 3582," (Mem., DE # 36-2, at 4), petitioner has not yet filed a motion for a sentence reduction pursuant to § 3582.  At this time, the court declines to resolve whether, and to what extent, petitioner may be eligible for a sentence reduction.

4

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner contends that his motion is timely under § 2255(f)(4) as he filed it within one year of the 17 August 2011 decision in Simmons. A legal decision which does not affect the validity of an underlying conviction is not a fact for purposes of § 2255(f)(4). See E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); Saulter v. United States, No. 7:02-CR-22-BO, 2011 WL 5024362, at *1 (E.D.N.C. Oct. 20, 2011) ("A newly discovered legal opinion is not, however, new *factual* evidence discovered to support a claim or claims" to make a habeas motion timely under § 2255(f)(4).); Blakney v. United States, No. 4:11-cv-70024-RBH, 2011 WL 1113468, at *3-4 (D.S.C. Mar. 24, 2011) ("A legal decision is not a 'new fact' for purposes of § 2255(f)(4). Stated another way, the limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." (citations, quotations, and alterations omitted)).

Petitioner's reliance on Johnson v. United States, 544 U.S. 295 (2005), and United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003), is misplaced. In both cases, the fact for purposes of (f)(4) was the state court's vacatur of the petitioner's underlying conviction. See Johnson, 544

5

U.S. at 304-08 (holding that the state court's vacatur of a prior conviction supporting the petitioner's enhanced federal sentence is a fact for purposes of § 2255(f)(4), provided the petitioner acts with due diligence in securing the state court's order of vacatur); Gadsen, 332 F.3d at 227–29 (holding that the fact supporting the petitioner's § 2255 claim is the conclusive vacatur of the petitioner's prior state conviction which was used to sentence him in federal court as a career offender). Granted, in Johnson and Gadsen it was, technically speaking, a court case or decision on which the petitioner's claims were based, but it is the fact of the underlying convictions' vacatur which is significant and is operative for § 2255(f)(4). See id. In contrast, Simmons is not a decision which invalidates any of petitioner's prior, underlying convictions; rather, its application concerns the legal significance of those convictions. As such, that petitioner filed his motion within one year of Simmons does not make his motion timely under § 2255(f)(4). See McMeans v. United States, Nos. 5:12-cv-005-RLV, 5:08-cr-010-RLV-CH-2, 2013 WL 1789711, at *2 (W.D.N.C. Apr. 26, 2013) ("[T]o the extent that Petitioner contends that *Simmons* constitutes a new 'fact,' triggering the re-opening of the one-year time period under § 2255(f)(4), 'facts' as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance." (citation omitted)); Farmer v. United States, No. 5:02-CR-131-BO , 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012) ("[T]he Court does not find that *Simmons* could be a new fact supporting [petitioner's] claim discoverable through the exercise of due diligence." (citations omitted)); United States v. Anderson, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (holding that Simmons "is not a 'fact' which triggers § 2255(f)(4)"), appeal dismissed, No. 12-6961 (4th Cir. Nov. 7, 2012); United States v. Hardison, No. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 WL

6

6780783, at *2 (E.D.N.C. Dec. 27, 2011) ("[T]he Fourth Circuit's decision in Simmons does not constitute a 'fact supporting [petitioner's] claim.'" (latter alteration in original)).

Also, the motion is not timely under § 2255(f)(3), the ground petitioner advances *pro se*. (See Mot., DE # 41.) In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), the Fourth Circuit Court of Appeals held that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), on which it relied in Simmons, is not retroactively applicable to cases on collateral review for purposes of § 2255(f)(3). Therefore, Powell forecloses petitioner's reliance on that subsection to make his motion timely.

Because the court concludes that the motion is not timely under § 2255(f), the court considers petitioner's argument that the limitations period should be equitably tolled. As the Fourth Circuit has recognized:

> The doctrine [of equitable tolling] has been applied in 'two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where– due to circumstances external to the party's own conduct– it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citation omitted).

Petitioner argues that the change in the law prompted by Simmons constitutes an extraordinary circumstance sufficient to warrant equitable tolling. (See Mem., DE # 36-2, at 6-8.) The court has been unable to locate a single case where a court has applied equitable tolling

7

based on Simmons since Powell.  See, e.g., United States v. Acevedo, Nos. 3:05-CR-214-01, 3:12-CV-570, 2013 WL 2317797, at *3 (E.D. Va. May 28, 2013); Atkinson v. United States, Nos. 5:05-CR-9-FL-1, 5:12-CV-283-FL, 2013 WL 1347225, at *2 (E.D.N.C. Apr. 3, 2013); Holman v. United States, No. 3:12-CV-986, 2013 WL 593778, at *4 (D. Conn. Feb. 15, 2013); McCrae v. United States, Nos. 5:01-CR-106-BO, 5:12-CV-403-BO, 2012 WL 5336207, at *2 (E.D.N.C. Oct. 26, 2012), aff'd, No. 12-7963 (4th Cir. Mar. 1, 2013).  The court concludes that equitable tolling is not warranted here, absent some other reason.

The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED.  The motion for corrections is DENIED as moot.

The court finds that reasonable jurists would find it debatable whether the court correctly dismissed petitioner's claim for relief on the grounds that it is not cognizable and not timely, and that the § 2255 motion states a debatable claim of the denial of a constitutional right.  Therefore, petitioner has met the standard for issuance of a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")  It is ORDERED that a certificate of appealability shall issue as to whether amendment of the SOR is a form of relief which may be awarded under 28 U.S.C. § 2255 and whether the § 2255 motion

was timely filed.

This 11 June 2013.

_____
W. Earl Britt
Senior U.S. District Judge